UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NEW HOLLAND TIRE, INC.,

**Plaintiff,**

v.                4:10-cv-063

DORSEY ROADSIDE RESCUE, INC.,

**Defendant.**

## ORDER

## I. INTRODUCTION

Plaintiff New Holland Tire, Inc. ("New Holland") filed the instant action against Defendant Dorsey Roadside Rescue, Inc. ("Dorsey") alleging claims for breach of contract and for attorneys' fees. *See* Doc. 1.

On April 13, 2010, Dorsey was served through its registered agent, Savannah area attorney, Mr. R. Jonathon Hart, *see* Doc. 5. Dorsey responded to the Complaint on May 4, 2010, *see* Doc. 4.

Dorsey's Answer was unsigned, but contains a signature block indicating that Mr. Julian H. Bennett, Jr. was the intended signatory.[1] *See id.* at 2. The Court's electronic filing system, however, indicates that the Answer was not filed by Mr. Bennett, but rather, was filed using Mr. Hart's electronic account.

Additionally, New Holland has presented unrebutted evidence that it has been able to no find record that Mr. Bennett is an attorney licensed to practice law in the State of Georgia. *See* Perch Aff. ¶ 7.

## II. MOTION TO STRIKE AND FOR DEFAULT JUDGMENT

New Holland has moved this Court to strike Dorsey's Answer for failure to comply with Federal Rule of Civil Procedure 11, and to enter default judgment against Dorsey for failure to file a proper response to the Complaint. *See* Doc. 7 at 3-4. Dorsey filed no response to the motions.

It is indisputable that Dorsey filed an unsigned Answer to the Complaint. *See* Doc. 4. Under Rule 11:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

As this Rule prescribes, the Court is required to strike the unsigned Answer if the omission is left uncorrected after Dorsey or its attorney has been notified.

New Holland has presented evidence that it attempted, on a number of occasions, to contact Mr. Hart regarding the unsigned Answer. *See* Perch Aff. ¶¶ 8, 9 and 11, and corresponding Exhibits C, D and F. Mr. Hart's office responded on one occasion acknowledging the correspondence, but Mr. Hart himself neither corrected nor explained the unsigned pleading. *See* Perch Aff. ¶ 10, and corresponding Ex. E.

---

[1] Mr. Julian Bennett, Jr. is listed with the Georgia Secretary of State's office as Dorsey's chief executive officer, chief financial officer, and secretary. *See* Perch Aff., attached as Ex. A to the Motion to Strike, at Ex. A.

Given Mr. Hart's unresponsiveness, it is possible that he does not represent Dorsey in this lawsuit. This possibility, however, presents two major problems. First, and as discussed more fully below, the Answer was filed under Mr. Hart's electronic account with this Court. And second, Dorsey would be currently unrepresented by counsel.

As New Holland correctly states in its Motion to Strike, because Dorsey is a corporation, it cannot proceed *pro se. See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (explaining that a corporation "is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"); *see also Fed. Trade Comm'n v. GEM Merch. Corp.*, 1995 WL 623168 (11th Cir. 1995) (citing *Palazzo*, and noting that the rule requiring corporations to be represented by counsel in court proceedings "applies even when the person seeking to represent the corporation is its president"). Mr. Bennett's signature, even if it had appeared in the signature block, would have been insufficient.

Thus, on one hand, if Mr. Hart does represent Dorsey, defense counsel of record was on notice that the Answer was unsigned in violation of Rule 11. On the other, even if Mr. Bennett had corrected the problem and signed the Answer, the pleading would have been insufficient because Bennett is not an attorney licensed to practice in the State of Georgia. In either case the Answer has been improperly filed. Therefore, the Court hereby *GRANTS* New Holland's request and strikes the Answer from the record.

The Court recognizes, however, that if Mr. Hart is not acting as Dorsey's counsel, Dorsey may be unaware of New Holland's attempts to call to its attention the omitted signature. To ensure fair administration of this case, the Court will permit Dorsey to file a proper response to the Complaint *WITHIN FIFTEEN (15) DAYS* of this Order. Dorsey is cautioned that in order to properly re-file a responsive pleading, it must obtain counsel.

Because the Court is giving Dorsey leave to re-file its response, New Holland's Motion for Default Judgment is *DENIED* at this time. Should Dorsey fail to comply with this Order, however, it will be subject to sanctions within the Court's discretion that may include the entry of default judgment.

### III. <u>ORDER TO SHOW CAUSE</u>

Whether Mr. Hart is representing Dorsey in this case or not, allowing Mr. Bennett to file a document using Mr. Hart's electronic filing information was a violation of this Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means ("Administrative Procedures"). *See* Administrative Procedures, *available at* http://www.gasd.uscourts.gov/pdf/EcfProcedures.pdf.

The Administrative Procedures state that "[n]o attorney shall knowingly permit or cause to permit his or her login to be utilized by anyone other than authorized persons within his or her firm." *Id. at* I(B)(1). Additionally, "the attorney bears the ultimate responsibility for all documents filed with his or her login." *Id. at* I(B)(2).

If Mr. Hart is acting as Dorsey's attorney, he should have signed the Answer. If he is not acting as Dorsey's attorney, the Answer should not have been filed using his electronic account.

Because Dorsey's Answer was filed using Mr. Hart's electronic account, Mr. Hart has represented to this Court that he has conducted a reasonable inquiry and has concluded that the document is not being

filed for an improper purpose, that the arguments made are warranted, and that the facts asserted have evidentiary support. *See* Fed. R. Civ. P. 11(b).

Therefore, Mr. Hart is hereby ***ORDERED TO SHOW CAUSE*** why he should not be sanctioned for violating both this Court's Administrative Procedures and Rule 11. *See* Fed. R. Civ. P. 11(c)(3) (establishing that "[o]n its own, the court may order an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)").

Mr. Hart shall file an explanation of his actions ***WITHIN TEN (10) DAYS*** of this Order.

This 17th day of August 2010.

*[signature]*
BAVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA